[Cite as *Draper v. Dept. of Transp.*, 2011-Ohio-5724.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

| | | |
|---|---|---|
| DAVID A. DRAPER, | : | Case No. 2011-03227-AD |
| Plaintiff, | : | |
| v. | : | Acting Clerk Daniel R. Borchert |
| DEPARTMENT OF TRANSPORTATION, DISTRICT 8, | : | |
| Defendant. | : | <u>MEMORANDUM DECISION</u> |

## FINDINGS OF FACT

{¶ 1}   In his complaint, plaintiff, David Draper, relates that on February 22, 2011, at approximately 10:30 p.m., he "hit an enormous pothole.  This hole is located on 75 South between mile marker 5/4 just before the 74 west interchange. It is in the left lane and left tire track."  Plaintiff states it was too dangerous to attempt to photograph the pothole which he describes as "approx. 8 inches deep and 20 inches in diameter."

{¶ 2}   Plaintiff filed this complaint seeking to recover $663.54, the cost of a replacement tire and wheel and related repair expenses.  Plaintiff asserted he incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway.  The $25.00 filing fee was paid.

{¶ 3}   Defendant located the pothole between mileposts 5.40 and 4.40 on I-75 in Hamilton County.  According to defendant, one complaint regarding potholes at this location was received on December 31, 2010, and the repair was made the same day.

{¶ 4}   Defendant explained DOT employees conduct roadway inspections on all state roadways within the county on a routine basis, "at least two times a month." Defendant denied DOT employees were negligent in regard to roadway maintenance.

{¶ 5}  Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶ 6}  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7}  For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole.  Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 8}  "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances

defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 10} In another case filed with this court, plaintiff Kevin White filed a complaint stating that on January 4, 2011, while driving on I-75 southbound "from Mitchell Ave Exit 6 toward downtown Cincinnati" he "hit a huge pothole in the extreme left hand lane" at mile marker 5.1. White further stated that he drove that route every day to work and that as of February 22, 2011, the pothole had not been repaired. Likewise, plaintiff Jill Parks filed Case No. 2011-02972 and related that on February 7, 2011, she hit a pothole on I-75 southbound in the left hand lane. Plaintiff Parks further related that the "incident occurred on I75 S between Mitchell and 74." The court finds that in all likelihood plaintiff Draper struck the same pothole referenced by plaintiffs White and Parks. Based upon plaintiff White's sworn statement in Case No. 2011-02891, the court finds that DOT had constructive notice of the pothole plaintiff hit. Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect on I-75 southbound between the Mitchell Avenue exit and Interstate 74 at some time between January 4 and February 22, 2011. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Indeed, the trier of fact finds that there is no evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123. Conversely, the trier of fact finds plaintiff White's assertions persuasive that the roadway was not adequately maintained.

{¶ 11} Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $663.54, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



Court of Claims of Ohio

DAVID A. DRAPER,                 :     Case No. 2011-03227-AD

      Plaintiff,                     :

      v.                             :     Acting Clerk Daniel R. Borchert

DEPARTMENT OF TRANSPORTATION,
DISTRICT 8,                     :

      Defendant.                 :

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $688.54, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Acting Clerk

Entry cc:

David A. Draper                     Jerry Wray, Director
                                      Department of Transportation
                                      1980 West Broad Street
                                      Columbus, Ohio 43223